-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUAN SANCHEZ-MARTIN,

            Plaintiff,

                                              DECISION AND ORDER
     -v-                                     11-CV-0568M

ALLEGANY COUNTY JAIL and STEUBEN COUNTY JAIL,

            Defendants.

_____

       Plaintiff, Juan Sanchez-Martin, currently an inmate at the Gilmer Federal

Correctional Institution (Glenville, West Virginia), initially commenced this action in the

United States District Court, Northern District of New York, while he was an inmate at the

Raybrook Federal Correctional Institution, alleging that while he was detained at the

Allegany County Jail he was "food poisoned" and then "to avoid medical cost" he was sent

to the Steuben County Jail for observation where his food poisoning was "discovered." He

also alleges that he was then transferred to Raybrook Federal Correctional Institution "to

heal and do the remainder of [his] sentence." (Docket No. 1, Complaint.)[1]  Plaintiff sued

the Warden of Raybrook and the Allegany and Steuben County Jails.  Upon review of the

complaint and application to proceed *in forma pauperis*, the Northern District of New York

granted plaintiff permission to proceed as a poor person, dismissed the complaint against

the Warden of Raybrook on the basis that there were no allegations of personal

involvement in the alleged wrongdoing against him, *see* 28 U.S.C. § § 1915(e)(2)(B) and

1915A, and transferred the action to this Court because both remaining defendants--

_____

[1]This is the extent of plaintiff's factual allegations.

Allegany County and Steuben County--are located in this District and the allegations of

wrongdoing occurred, if at all, in this District. (Docket No. 6, Decision and Order.) For the

following reasons, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. § §

1915(e)(2)(B)(ii) and 1915A, for failure to state a claim upon which relief can be granted.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct

an initial screening of this complaint. In evaluating the complaint, the Court must

accept as true all of the factual allegations and must draw all inferences in plaintiff's

favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v.*

*Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro*

*se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v.*

*McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must

meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.

*Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary,"

and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and

citation omitted). In order to state a claim sufficient to survive a motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937,

1949 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. *Id.* Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* ); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint.)

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that the remaining claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

**A. Plaintiff's Claims**

As noted, plaintiff's alleges that he was food poisoned while at the Allegany Couny Jail and then "to avoid medical cost" was transferred to the Steuben County Jail where his food poisoning was "discovered." He was later transferred to Raybrook. This

claim must be dismissed with prejudice for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § § 1915(e)(2)B)(ii) and 1915A.

Initially, the Court finds that neither the Allegany or Steuben County Jails are proper defendants because they are merely arms of the Counties, and do not have legal identities separate and apart from the Counties and are thus not subject to suit. See Brockport v. County of Monroe Pure Waters Div., 75 A.D.2d 483, 486 (4th Dept. 1980), aff'd 54 N.Y.2d 678 (1981); Loria v. Town of Irondequoit, 775 F.Supp. 599, 606 (W.D.N.Y. 1990).  Because plaintiff is pro se the Court must construe the complaint as raising the strongest possible argument it suggests, see,e.g., Triestman v. Fed. Bur.of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted), and therefore the Court construes the complaint as being brought against the Counties themselves.  See Warren v. Westchester County Jail, 106 F. Supp. 2d 559, 561 (S.D.N.Y. 2000) (where inmate brought suit under 42 U.S.C. § 1983 against Westchester County Jail, the correct governmental defendant was Westchester County).  However, because there are no allegations that the alleged food poisoning and transfer from Allegany to Steuben were performed pursuant to a municipal policy or custom of either County the complaint fails to state a claim upon which relief may be granted.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).  See also Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992) (Municipalities are not subject to § 1983 liability solely on the basis of a respondeat superior theory.)

Not only is the complaint barren of any allegations that would even remotely suggest that the alleged food poisoning or the inadequate medical treatment for such

4

were done pursuant to a policy or custom of Allegany County but it also fails to allege in

any way that the food poisoning or failure to properly treat such were a violation of

plaintiff's constitutional rights.  As noted above, in order to state a claim under 42

U.S.C. § 1983, a plaintiff must allege both that the alleged wrongdoing was committed

by a person acting under color of state law, and that the wrongdoing deprived plaintiff of

his rights secured by the Constitution.  See *Whalen,* 126 F.3d at 405 (citation omitted).

Plaintiff does not allege what right was violated but construing the complaint liberally as

it must the Court will construe the complaint as alleging a violation of plaintiff's rights

under the Eighth Amendment.[2]

In order to state a cognizable claim that inadequate medical treatment gave rise

to a constitutional deprivation, "a prisoner must allege acts or omissions sufficiently

harmful to evidence deliberate indifference to serious medical needs." *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (considering Eighth Amendment violations of convicted

prisoners); *accord Cuoco,* 222 F.3d at 106 (applying the "deliberate indifference"

standard to the Fourteenth Amendment rights of pretrial detainees).  In order to meet

this standard, a plaintiff must establish that he was "actually deprived of adequate

medical care" and that "the inadequacy in medical care is sufficiently serious."

*Salahuddin v. Goord,* 467 F.3d 263, 279-80 (2d Cir. 2006).  Plaintiff must show that the

prison official knew of a "substantial risk of serious harm" and that the official

---

[2]Even assuming that plaintiff was alleging that the food poisoning was negligence and/or the failure to treat it was negligence, he fails to state a claim under § 1983 because negligence or medical malpractice do not give rise to an actionable claim under § 1983. *See Estelle,* 429 U.S. at 106 ( "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *see also Davidson v. Cannon,* 474 U.S. 344, 347–48 (1986) (although negligence of prison official led to prisoner's serious injury, the constitution requires no procedure to compensate injury arising from negligence).

"disregard[ed] that risk by failing to reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff's complaint fails to meet these standards in all respects.  Moreover, plaintiff has not identified any defendants who he claims were responsible for any alleged deprivation of his constitutional rights.

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and it must be dismissed with prejudice.  *See* 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A.  Leave to replead is denied because even the most liberal reading of complaint fails to "gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112. *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir.1999) (holding that "a district court may properly deny leave when amendment would be futile.")

## CONCLUSION

For the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion,

to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the complaint is dismissed with prejudice and plaintiff's motions for the appointment of counsel are denied as moot; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: _____JAN. 31_____, 2012
　　　　Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge